## A. V. WITKOUSKI and HUSBAND v. MARY A. and J. WITKOUSKI.

*The repeal of a repealing law does not revive the first law, unless it be so particularly expressed by the legislator. C. C. 23.*

*The charges of a Sheriff for keeping property under a writ of sequestration,·so far as they are not regulated by the fee bill, are the subject of proof, and not of judicial discretion.*

*The doctrine in the case of Farrar v. Rowley, 3d An. 276, re-affirmed.*

APPEAL from the District Court of the Parish of Carroll, *Farrar, J. Short & Parham*, for plaintiffs and appellants. *F. F. Montgomery*, for defendants.

BUCHANAN, J. A writ of sequestration was issued in this cause, at the instance of plaintiff ; under which writ, the Sheriff seized and took into his custody and possession, on the 24th September, 1859, all the property specified in the inventory of the succession of *Thomas Davis*, of which a copy was annexed to the writ.

On the 7th December, 1859, on the application of the Sheriff, the District Court made the Sheriff an allowance of two hundred and fifty dollars a month for keeping the property sequestered, commencing on the day of seizure aforesaid, and to continue as long as the property should remain in the Sheriff's possession ; said allowance to be taxed among the costs of suit.

The plaintiff has appealed from this order of Court. He argues that the allowance is illegal, and refers us to the 71st Article of the Constitution of 1845, and to Phillips's Revised Statutes, p. 124, secs. 2, 4 and 6.

The Article 71 of the State Constitution has been omitted from the Constitution of 1852, as observed by the counsel for appellee. But it is nevertheless true, that the Article 283 of the Code of Practice, relied on by appellee, must be held

<div align="right">Witkouski<br><i>v.</i><br>Witkouski.</div>

to have been repealed by the Article in the Constitution of 1845, so far as it is inconsistent with it. See the case of *Farrar* v. *Rowley*, 3 An. 276, decided under the Constitution of 1845. In that case, the Court said : " It was stated in argument, and acquiesced in by counsel, that for all disbursements made by the Sheriff, hire of keeper and supplies, the Sheriff has paid himself out of funds in his hands : but the charge at present insisted upon is, for his responsibility and care generally. For this, the Sheriff is remunerated by the emoluments of his office. Sheriffs are bound to take care of property taken possession of by them, and are authorized to lay out money for its necessary preservation. They may appoint guardians for its safe custody ; and the law as we understand it, gives them ample authority for all just and proper expenditures, and the Constitution imposes no obstacle to their reimbursement. But if the 71st Article of the Constitution has any application to ministerial officers, it prohibits allowances of this kind."

Such was the doctrine of our predecessors in 1848. And we may add, as the legal sequence of the above language of Chief Justice Eustis, that the omission in the present Constitution of the provision contained in article 71 of the Constitution of 1845, does not revive any law which had been repealed by that article. The repeal of a repealing law does not revive the first law, unless the intention to revive be expressed by the legislator. C. C., Art. 23, par. 4. The distinction taken by the Court in *Farrar* v. *Rowley*, is therefore held by us to be still applicable to the charges of Sheriffs for keeping property sequestered. Those charges, so far as they are not regulated by the fee-bill, are the subject of proof, and not of judicial discretion.

In the present case, the only proof offered in support of this claim of the Sheriff, was the writ of sequestration and the return of the same.

This proof does not sustain the allowance made.

It is, therefore, adjudged and decreed, that the order appealed from be reversed, and that the cause be remanded for further proof to be adduced contradictorily with the parties ; the appellee, *S. D. Olivier*, to pay the costs of this appeal.

Merrick, C. J., absent.